[Civ. No. 13449.   Second Dist., Div. One.   Mar. 3, 1942.]

EVERETT F. ROWE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Ernest P. Morgan for Petitioner.

Everett A. Corten for Respondents.

DORAN, J.—Petitioner seeks a review and annulment of the findings and award of the Industrial Accident Commission. In that connection petitioner contends that "the sole question presented by this proceeding is whether or not there is uncontradicted evidence in the record showing permanent disability factors which have not been considered by the commission in rating petitioner for permanent disability." It is argued in support of this contention that the Industrial Accident Commission acted without and in excess of its powers in its rating of the petitioner for permanent disability. As pointed out by petitioner: "Objection to the award is made primarily because the commission rated petitioner for certain disabilities enumerated in the findings . . . and failed and refused to make any findings upon other and serious ratable disabilities which are shown to exist by uncontradicted evidence." Quoting further, the petition contains the following: "Conceding, therefore, that the findings of permanent disability as above described, do support the award, it is contended that there is undisputed evidence of many other ratable disabilities factors which were not considered by the rating department of the commision, if the only disability factors considered are those enumerated in the report and subsequently embodied in the findings. This certainly must be the case in view of the directions given in the report to the effect that if the permanent disability is described in the language of the report the recommended rating would be 47½%. Further objection is made to the award for the reason the findings of permanent disability as described in the findings and award, are indefinite, ambiguous and uncertain as to those factors which are shown therein, as for example: 'Marked limited motion of thumb and fingers of major hand'; 'Marked loss of grasping power.' Such vague expressions of disability have no support in the medical reports filed as evidence in the case. All of the reports, without exception, show a permanent total disability of the right hand." It is further argued in support of the foregoing that the commission "has failed lamentably in its duty to petitioner in rating an obviously 100% total permanent disability

at only 47½%"; and that "the award is unjust and unreasonable and should be annulled, in that the commission abused its discretion and in rating petitioner did not take a fair view of the circumstances of the case."

It is evident from the foregoing that petitioner's contentions may be summed up as a disagreement with the judgment of the Industrial Accident Commission. In that connection, however, it is elementary that the judgment of the commission may not be disturbed if supported by substantial evidence. Manifestly, the judgment of the court cannot be substituted for the judgment of the commission.

The record reveals that the findings are sufficient. From the fact that certain "ratable disabilities factors" are not referred to in detail in the findings, it does not necessarily follow that such factors were not considered by the commission. The record further reveals that there is evidence of a substantial character to support the findings. In the circumstances, there can be no question as to the jurisdiction of the commission in the premises and accordingly the award is affirmed.

York, P. J., and White, J., concurred.